Case 7:23-cv-00053   Document 32   Filed on 05/16/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUIS EDEN GUERRERO; *individually and next friend of* A.M.G. and E.G., *minors*, VANESSA VERASTEGUI, *individually and next friend of* A.M.G. and E.G., *minors*, NILSA ALVAREZ, OLIVIA FALCON GUERRERO, JOSE A. ALVAREZ, | § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 7:23-cv-00053 |
| VS. | § § § | |
| C.R. ENGLAND, INC.; RYAN MURPHY CROWELY; | § § § § | |
| Defendants. | § | |

**OPINION AND ORDER**

The Court now considers "Plaintiffs' [Luis Eden Guerrero and Vanessa Verastegui, individually and as next friends of AMG and EG, minors] Motion to Remand and Memorandum in Support,"[1] and "Defendant/Counter-Plaintiff/Cross-Plaintiff Olivia Falcon Guerrero's Motion to Remand and Memorandum in Support."[2] Defendant C.R. England, Inc. and Ryan Murphy Crowley have filed a response to each motion,[3] Plaintiffs Luis Eden Guerrero and Vanessa Verastegui, individually and as next friends of AMG and EG, minors have filed a reply in support of their motion,[4] Defendant C.R. England, Inc and Ryan Murphy Crowley have also filed a sur-

---

[1] Dkt. No. 10.
[2] Dkt. No. 22.
[3] Dkt. Nos. 20 & 27.
[4] Dkt. No. 23.

reply.[5] After considering the motions, record, and relevant authorities, the Court **DENIES** the motions to remand.[6]

## I. BACKGROUND AND PROCEDURAL HISTORY

This is a motor vehicle collision case. Plaintiffs' original petition was filed in state court on August 3, 2021 against Defendant Olivia Falcon Guerrero.[7] On August 25, 2021 Plaintiffs' first amended petition was filed which added Defendants C.R. England, Inc.; Ryan Murray Crowely; and Defendant Jose A. Alvarez.[8] On September 27, 2021, Defendants C.R. England, Inc. and Ryan Murphy Crowely filed their first notice of removal ("Removing Defendants"). That notice of removal asserted that Co-defendant/Counter-plaintiff, Olivia Falcon Guerrero and Co-defendant, Jose A. Alvarez were improperly joined and as such their citizenship should be disregarded for diversity purposes.[9] Plaintiffs and Defendant/Counter-plaintiff Olivia Falcon Guerrero moved for remand which this Court granted on December 7, 2021. Defendants C.R. England, Inc. and Ryan Murphy Crowley removed this action again over a year later alleging bad faith joinder.[10] The Court now turns to the motions for remand.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[11] Ordinarily, all Defendants must consent to removal but consent is not required from a Defendant alleged to have

---

[5] Dkt. No. 25.
[6] Dkt. Nos. 10 & 22.
[7] Dkt. No. 1-3 at 2.
[8] *Id.* at 25
[9] 7:21-cv-374.
[10] Dkt. No. 1.
[11] 28 U.S.C. § 1446(b)(3).

been improperly joined.[12] Here, forum Defendants are alleged to have been joined only to defeat removal so their joinder is not required. Furthermore, "'where the case is not removable because of joinder of defendants,' *only* "the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant" can convert a nonremovable case into a removable one."[13] The Fifth Circuit has described this "judicially-created voluntary-involuntary rule" as providing "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff."[14] But, "[w]hen the nondiverse defendant was improperly joined, "the voluntary-involuntary rule is inapplicable."[15]

In assessing improper joinder, the Fifth Circuit has stated that "[i]mproper joinder 'can be established by demonstrating,' among other things, the 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[16] "If a state court has not yet ruled [on the merits], the federal court must ask whether 'there [is] any reasonable possibility that a state court would rule against the non-diverse defendant.'"[17]

Additionally, under § 1446(c), "[a] case may not be removed under section (b)(3) on the basis of [diversity jurisdiction] more than 1 year after the commencement of this action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[18]

The bad faith exception to the one-year bar exists pursuant to a 2011 amendment to § 1446(c). Before the amendment, the Fifth Circuit's decision in *Tedford v. Warner-Lambert Co.* guided lower courts by creating the so-called "equitable tolling" exception to the one-year time

---

[12] 28 U.S.C. § 1446(b)(2)(A).
[13] *Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 295 (2019) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918)).
[14] *Id.* (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).
[15] *Id.*
[16] *Id.*
[17] *Id.* (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).
[18] 28 U.S.C. § 1446(c).

limit.[19] After the amendment in 2011, the Court has not defined the standard for determining "bad faith" under § 1446(c). But, the Court has said that the standard is not the "equitable tolling" standard pre-amendment, as Congress had the opportunity to adopt that standard but chose not to.[20]

However, in *Hoyt v. Lane Constr. Corp.*, the Fifth Circuit did provide some guidance stating that an inquiry for an argument of bad faith under this section is retrospective as opposed to an improper joinder argument which is prospective.[21] That is, the improper joinder argument considers whether the plaintiff is able to establish a cause of action against the non-diverse party in the future.[22] Whereas, for an argument of bad faith, "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'"[23]

In *Hoyt*, the Fifth Circuit found that it was not clear error when the district court, exercising its role as factfinder, found that the plaintiffs "knew months beforehand that the evidence would not support the claims against [the forum defendant]." The Fifth Circuit also noted that

> [t]he [plaintiffs] dismissed [the forum defendant] a mere two days after the one-year deadline expired. They did so without receiving any consideration from [the forum defendant]. Before that dismissal, the [plaintiffs] seem to have pursued their claim against [the forum defendant] only half-heartedly. Their witness list for trial did not include any fact witnesses from [the forum defendant]. And the [plaintiffs'] expert witnesses made no serious efforts to establish [forum defendant's] liability. All of this suggests the [plaintiffs] kept [the forum defendants] in the case for one purpose and one purpose only—to prevent removal during § 1446(c)'s one-year removal period. Two days after accomplishing that purpose, the [plaintiffs] dismissed the [forum defendants] for free.

---

[19] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-29 (5th Cir. 2003).
[20] *Hoyt*, 927 F.3d at 293.
[21] *Id.*
[22] *Id.*
[23] *Id.*

The Fifth Circuit, reviewing the lower courts findings for clear error, declined to define bad faith in this context, but upheld the district court's finding of bad faith.[24] Thus, the considerations by the district court in *Hoyt* are only some of the considerations that may be made when considering bad faith in this circumstance. Other district courts have found that bad faith existed when plaintiff did not seek discovery for nine months and waited three months after the one-year deadline to dismiss the nondiverse defendants.[25]

### III.     ANALYSIS

Because the action before the Court has been removed based on diversity jurisdiction, the one-year rule from § 1446(c) is triggered. Thus, the Court must decide whether Plaintiffs acted in bad faith in joining non-diverse Defendants Olivia Falcon Guerrero and Jose A. Alvarez to prevent removal.

Removing Defendants' notice of removal asserts that "Plaintiffs' bad faith acts of improper joinder became clearly evident on January 16, 2023 when plaintiffs designated no expert witness or criticism adverse to the local defendants.[26] Additionally, Removing Defendants assert that throughout the period, Plaintiffs have not propounded any written discovery on the forum Defendants, nor taken their depositions.[27] Finally, Removing Defendants assert that Plaintiffs, in their deposition, admit neither forum Defendant did anything wrong in causing the accident.[28]

As mentioned, the Court previously remanded this cause to state court based on a prospective possibility of a claim against forum Defendants. However, now that bad faith is alleged, the Court considers the steps Plaintiffs have taken in regard to the forum Defendants since the remand and if those steps were meant to prevent Defendants from removing.

---

[24] *Id.* at 292.
[25] *McNeal v. Found. Radiology Group, PC,* 1:22-cv-10645, 2022 WL 17367184 (E.D. Mich. Oct. 20, 2022).
[26] Dkt. No. 1 at 3.
[27] Dkt. No. 2 at 4.
[28] Dkt. No. 20 at 6.

Plaintiff Guerrero admits that he has "not propounded written discovery upon Falcon Guerrero and Alvarez . . . " but assert that it is sufficient that "C.R. England *has*."[29] As provided by removing Defendants,

> [o]n January 11, 2023, Plaintiffs served the final report of their accident reconstructionist, Steve Irwin, who confirmed his expert opinion that the only 'identifiable cause of the crash is Mr. Crowely's control loss [not] either Mr. Guerrero [Plaintiff] or Ms. Guerrero [counter-Plaintiff and forum defendant]," and who did not mention Alvarez at all. Similarly, two days later, on January 13, 2023, Falcon Guerrero's own accident reconstruction expert, David Stopper, agreed that the accident was wholly the fault of Crowley, and that Falcon Guerrero and Alvarez had been 'operating properly in the opposing lane of traffic.
> Not withstanding these discovery admissions, on February 7, 2023, Plaintiffs filed their Second Amended Petition, adding new allegations of negligence against Defendants Crowely and CRE, pleading that the accident was caused by Crowley's alleged speeding and the fact that he was distracted by his alleged use of over-the-ear headphones to listen to an audiobook on his cell phone. Plaintiffs did not add any new details to their purported claims against Falcon Guerrero and Alvarez, however, even though the lawsuit had been ongoing for over a year and they had ample opportunity, if they liked, to discern any additional details that might exist to support their thinly-pleaded claims against Falcon Guerrero and Alvarez.[30]

Plaintiffs seemingly suggest that had they included forum Defendants for the sole purpose of preventing removal, they would have dismissed those Defendants soon after the one-year deadline had elapsed.[31] Thus, because they kept the forum Defendants in this matter, removing Defendants cannot show bad faith. While the Fifth Circuit did consider the timing of the dismissal relative to the one-year bar in *Hoyt*, that consideration was only one factor that the Court considered, and the Court did not make that consideration a dispositive one. That line of reasoning would allow a Plaintiff wishing to prevent removal to weaponize the *Hoyt* decision to strategically throw off the appearance of bad faith by merely waiting awhile to dismiss the forum defendant after the one-year deadline, or even not dismissing the forum defendant at all until disposition of

---

[29] Dkt. No. 10.
[30] Dkt. No. 20 at 4-5.
[31] Dkt. No. 23 at 6-7, 8. *See also*, Dkt. No. 10 at 14.

the entire case. Bad faith can certainly still exist even if the forum defendants are carried through conclusion of the case.

Plaintiffs further provide that "Luis Guerrero and his family have engaged in settlement negotiations with Falcon Guerrero and have agreed to settle their claims for $50,000—$20,000 *above* the available policy limit."[32] Plaintiffs contend that the settlement confirms the good faith pursuit of their claims.[33] While a settlement does lend some legitimacy to a claim, the Court does not find the settlement alone demonstrates Plaintiffs continued pursuit of their claim against forum Defendant Falcon Guerrero.

This Court, retrospectively considering the facts in this case, places emphasis on Plaintiffs' "half-hearted" pursual of the claims against forum Defendants. When the Court granted Plaintiffs' first remand, it declined to consider the evidence provided by removing Defendants because it found that the Plaintiffs *could* have a viable claim against forum Defendants from the face of the complaint and thus, the forum Defendants were properly joined. After remand, Plaintiffs then had a continuing duty to pursue those claims against the forum Defendants with the end goal being to ultimately prove the viability of those claims. The claims did not need to ultimately prove to be viable, but they must have been pursued to a degree that it appears that Plaintiffs at the very least believed in their own claims. Yet in the time since this matter was remanded to state court, and with the knowledge of what was visible on the dashcam video, Plaintiffs did not actively pursue the forum Defendants. Plaintiffs did not propound written discovery upon either forum Defendant,[34] "[no] interrogatories, no requests for production, admissions disclosures or depositions."[35] Furthermore, at the time of removal to this Court, neither forum Defendant had

---

[32] Dkt. No. 23 at 5.
[33] *Id* at 12.
[34] Dkt. No. 10 at 15.
[35] Dkt. No. 2 at 4.

been deposed.[36] Additionally, Plaintiff Luis Guerrero testified in his deposition that Crowley and no other was at fault for the incident.[37] Further, Plaintiffs own expert opinion identifies Mr. Crowley as the identifiable cause of the crash, opines that forum Defendant Falcon-Guerrero was not at fault, and does not even mention forum Defendant Alvarez at all.[38] Forum Defendant Falcon Guerrero's accident reconstructionist agreed that the accident was wholly the fault of Crowley.[39] While forum Defendant Falcon Guerrero would not likely place blame on herself, she places no fault on Plaintiff Luis Guerrero or Defendant Jose A. Alvarez.[40] Further, Plaintiffs' amended complaint alleges that forum Defendant Alvarez was following Plaintiffs' vehicle too closely. However, forum Defendant Alvarez "stopped prior to hitting anyone"[41] and was thus not even involved in the collision.

Plaintiffs' half-hearted pursuit of the claims against the forum Defendants is not sufficient to convince this Court that Plaintiffs ever intended to pursue a claim against forum Defendants. Thus, it can only be concluded that the forum Defendants inclusion in this action was for the sole purpose of preventing removal. Therefore, the Court finds that Plaintiffs acted in bad faith to prevent removal of this action.

In addition to bad faith, Defendants also must show "that its notice of removal comes thirty days after the service of an amended pleading, motion, order, or other paper from which the defendant could first determine that the case is removable"[42] pursuant to 28 U.S.C. § 1446. Plaintiffs argue that their own voluntary act is required in order to show that they had abandoned the claims of the forum defendants. However, as previously mentioned, the voluntary-involuntary

---

[36] Dkt. No. 10-1 at 7.
[37] Dkt. No. 20 at 6.
[38] Dkt. No. 20 at 4-5.
[39] Dkt. No. 20 at 5.
[40] Dkt. No. 22.
[41] Dkt. No. 2 at 3.
[42] Dkt. No. 10 at 12.

rule applies only "in the absence of a fraudulent purpose to defeat removal."[43] Thus, the issue then becomes whether the forum defendants were improperly joined. This Court did previously find that the forum defendants were properly joined when it granted Plaintiffs' first remand. However, considering the facts that have transpired in this case, the Court finds that a reconsideration of joinder is required in light of its bad faith finding. For the same reasons as the Court found bad faith to prevent removal of this action, the Court finds that there is no reasonable possibility that a state court would rule against the forum defendants. Thus, the Court finds that the forum defendants were improperly joined in bad faith to defeat jurisdiction.

### IV.    CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the motions to remand.[44] Plaintiffs' claims against Olivia Falcon Guerrero and Jose A. Alvarez are hereby **DISMISSED**. Olivia Falco Guerrero[45] and Jose A. Alvarez'[46] claims against Defendants C.R. England, Inc. and Ryan Murphy Crowley survive. The Clerk of Court shall realign the parties as they are listed in the caption of this order. The parties are hereby **ORDERED** to refile their joint discover/case management plan no later than **May 18, 2023 at 9 a.m.** with a definitive date reflecting the time needed to complete discovery in this matter.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of May 2023.

_____
Micaela Alvarez
United States District Judge

---

[43] *Hoyt*, 927 F.3d at 295.
[44] Dkt. Nos.
[45] Dkt. No 1-3 at 49.
[46] Dkt. No. 1-3 at 56.